**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NAUTILUS INSURANCE
COMPANY,

    Plaintiff,

v.                                               Case No. 3:24-cv-902-MMH-LLL

PENN-AMERICA
INSURANCE COMPANY,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On August 30, 2024, Plaintiff Nautilus Insurance Company (Nautilus) initiated this action by filing a Complaint for Equitable Subrogation (Doc. 1; Complaint) against Defendant Penn-America Insurance Company (Penn-Am). In the Complaint, Nautilus contends this Court has diversity jurisdiction under 28 U.S.C. § 1332. Complaint ¶ 3.[1] However, upon review of the Complaint, the Court is unable to determine whether it has jurisdiction over this action.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v.

---

[1] In an apparent scrivener's error, the Complaint refers to "20 U.S.C. § 1332," which does not exist. The diversity statute is 28 U.S.C. § 1332.

<u>Midland Mortg. Co.</u>, 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).

For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), the parties' citizenship must be diverse and the matter in controversy must "exceed[ ] the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a).[2] "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." <u>Federated Mut. Ins. Co. v. McKinnon Motors, LLC</u>, 329 F.3d 805, 807 (11th Cir. 2003). "The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract." <u>Id.</u> at 808 n.4.

---

[2] In the Complaint, Nautilus sufficiently alleges that the two parties are citizens of different states. As such, the Court is satisfied at this time that the diversity of citizenship requirement is met.

- 2 -

Here, the Complaint contains a single count, for equitable subrogation. See Complaint at 4–5. Nautilus alleges the following facts. Both Penn-Am and Nautilus insured a non-party, FLKNARRS, LLC DBA Downtown East Apartments (the LLC). Id. ¶¶ 5, 6. Penn-Am insured the LLC under a general liability policy, and Nautilus insured the LLC under an excess liability policy. Id. Under the excess liability policy between Nautilus and the LLC, Nautilus has "the duty to defend the insured against any suit seeking damages [for covered events] when the applicable limits of 'underlying insurance' have been exhausted[.]" Complaint, Ex. B (Doc 1-2; Nautilus Policy) at 5.

Penn-Am paid the Estate of Kevin Evans (the Estate) its policy limits to settle claims against the LLC. Complaint ¶¶ 8, 9. Nautilus then paid the Estate $75,000 in response to a second demand to settle claims by the Estate. Id. ¶¶ 12, 13. Nautilus did so because Penn-Am "failed" to obtain a complete release when Penn-Am settled with the Estate. Id. According to Nautilus, Penn-Am "is primarily liable for the amounts paid by Nautilus[.]" Id. ¶ 18. And "Nautilus has suffered damages, including … defense costs and attorney's fees incurred in defending against the Estate's claims, amounts paid by Nautilus toward settlement with the Estate, prejudgment interest, and attorney's fees and costs in this action." Id. ¶ 20.

These allegations are insufficient for the Court to determine whether the amount-in-controversy requirement is satisfied. Pursuant to the plain text of

28 U.S.C. § 1332(a), interest and costs are excluded from the amount-in-controversy calculation. Under the Nautilus Policy, Nautilus apparently had a duty to defend the LLC after the Penn-Am policy limits were exhausted—as such, the Court cannot identify a basis in the Complaint for Nautilus to recover attorneys' fees incurred by Nautilus in defending against the second demand by the Estate. Notably, binding circuit precedent instructs that attorneys' fees incurred in prosecuting an action do not count toward the amount-in-controversy requirement unless such fees are provided for by contract or statute. See McKinnon Motors, 329 F.3d at 808 n.4. No such contract or statute has been identified. Excluding these demanded sums, the claim in Nautilus's Complaint places in controversy only the amount Nautilus paid to the Estate: $75,000.

In light of the foregoing, the Court will give Nautilus an opportunity to provide the Court with additional information to establish the amount in controversy and this Court's diversity jurisdiction over this action.

Accordingly, it is

**ORDERED:**

No later than **September 24, 2024**, Plaintiff Nautilus Insurance Company shall file an amended Complaint or other documentation demonstrating that this Court has subject-matter jurisdiction over this case.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of September, 2024.

*[Signature]*

**MARCIA MORALES HOWARD**
United States District Judge

Lc33

Copies to:
Counsel of Record