UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NAUTILUS INSURANCE
COMPANY,

      Plaintiff,

v.                                            Case No. 3:24-cv-902-MMH-LLL

PENN-AMERICA
INSURANCE COMPANY,

      Defendant.

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Equitable Subrogation (Doc. 18; Motion), filed on December 20, 2024. In the Motion, Defendant, Penn-America Insurance Company, seeks dismissal of the claim brought by Plaintiff, Nautilus Insurance Company, in its Amended Complaint. See Motion at 1. However, upon review of the Motion, it appears that Penn-America failed to provide certification under Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), confirming that it has conferred with Nautilus in a good-faith effort to resolve the issues raised by the Motion and advising the Court whether Nautilus agrees to the relief requested. Therefore, as

Penn-America failed to comply with the Local Rules of this Court, its Motion will be stricken.

Previously, the Court ordered Nautilus to file documentation demonstrating that this Court has subject-matter jurisdiction over this action. See Order (Doc. 4; First Jurisdiction Order), entered on September 6, 2024. In response, Nautilus filed its Amended Complaint. See Amended Complaint for Equitable Subrogation (Doc. 6; Amended Complaint). However, the Court remains uncertain of the existence of subject-matter jurisdiction over this action, and in particular, whether this action satisfies the amount-in-controversy requirement under 28 U.S.C. § 1332.

In the Motion, Penn-America does not raise lack of subject-matter jurisdiction as a basis for dismissal. Nevertheless, the Court is not inclined to address the merits of the arguments Penn-America does raise until the question of subject-matter jurisdiction is resolved or the Court determines that the issue is too intertwined with the merits. As such, instead of directing Penn-America to file a new motion that complies with the Local Rules, the Court will direct the parties to brief the issue of this Court's subject-matter jurisdiction. In particular, the parties should address whether applicable state law on equitable subrogation permits the plaintiff to recover the defense fees and costs incurred by an insurer in a position like Nautilus's as set forth in the Amended

Complaint. Specifically, the parties should address whether applicable state law allows a plaintiff-insurer bringing an equitable subrogation claim to recover the defense costs which that insurer incurred in defending claims against its insureds after another of the insureds' insurers failed to settle those claims. The parties should also address whether, under Nautilus's policy with the insureds, Nautilus had a duty to defend in the circumstances described by the Amended Complaint, and what effect—if any—this duty has on Nautilus's ability to recover litigation expenses. The parties may also address any other issues relevant to the Court's subject-matter jurisdiction that the parties deem proper. If the Court finds that subject-matter jurisdiction is proper, the Court will then provide filing and response deadlines for an updated motion to dismiss that complies with the Local Rules.

In light of the foregoing, it is

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Equitable Subrogation (Doc. 18) is **STRICKEN**.

2. Plaintiff is **ORDERED** to file a brief in support of this Court's subject-matter jurisdiction on or before **January 31, 2025**. Plaintiff's brief shall not exceed 20 pages, inclusive of all parts.

3. Defendant is **ORDERED** to file a brief in support of this Court's subject-matter jurisdiction on or before **February 21, 2025**. Defendant's brief shall not exceed 20 pages, inclusive of all parts.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of January, 2025.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:

Counsel of Record